Filed 1/14/14  P. v. Rice CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059105 |
| v. | (Super.Ct.No. RIF114635) |
| ARCHIE BRAMLETT RICE, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Anita P. Jog, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant Archie Bramlett Rice, Jr., appeals following the denial of his petition for recall of his sentence pursuant to Penal Code section 1170.126, subdivision (f).[1] We will affirm the order.

## BACKGROUND[2]

Defendant was convicted of one count of being an ex-felon in possession of a firearm (former § 12021, subd. (a)(1)) and one count of possession of ammunition by a person prohibited from owning or possessing a firearm (former § 12316, subd. (b)(1)).[3] Two strike prior allegations were found true, and on January 7, 2005, defendant was sentenced to concurrent terms of 25 years to life in state prison pursuant to the three strikes law as then in effect.

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act. Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the three strikes law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second-striker. (§ 1170.126, subd. (f).) If the trial court

---

[1] All statutory citations refer to the Penal Code.

[2] The record does not include any information concerning the underlying facts of defendant's current offenses. However, those facts are not material to the issue we consider in this appeal.

[3] Sections 12021 and 12316 were repealed on January 1, 2010 and reenacted without substantive change as sections 29800 and 30305, respectively, operative January 1, 2012. (See Cal. Law Revision Com. com., 51D pt. 4 West's Ann. Pen. Code (2012 ed.) foll. § 29800, p. 194 & § 30305, p. 284.)

determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).)

On May 20, 2013, defendant filed a petition for modification of his sentence pursuant to Proposition 36.

On May 22, 2013, the court denied the petition, finding that defendant was ineligible for relief because of his prior convictions for attempted murder (§§ 664, 187) and forcible rape (§ 261, subd. (2)).

Defendant filed a timely notice of appeal.

<u>DISCUSSION</u>

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We have independently examined the record. We are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, at p. 441.)

We offered defendant the opportunity to file any supplemental brief he deemed necessary, and on December 3, 2013, defendant filed a supplemental brief. In his supplemental brief, defendant argues that because his current conviction is for crimes which are not serious or violent felonies within the meaning of the three strikes law, this court should dismiss his strike priors in order to effectuate the intent of the electorate in enacting Proposition 36, i.e., to "[r]estore the three strikes law to the public's original understanding by requiring life sentences only when a defendant's current conviction is

3

for a violent or serious crime." However, even though defendant's current offenses are not themselves serious or violent felonies, his prior convictions preclude relief under Proposition 36.

Section 1170.126, subdivision (e)(1), provides, as pertinent here, that a defendant is eligible for resentencing if he or she is "serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7," unless the defendant has a prior conviction for certain enumerated felonies as stated in section 1170.12, subdivision (c)(2)(C). Among the felonies which render a defendant ineligible for relief are attempted murder and forcible rape. (§ 1170.12, subd. (c)(2)(C)(iv)(I) [rape], subd. (c)(2)(C)(iv)(IV) [homicide or attempted homicide].)[4] Defendant was charged with six prior serious felony convictions, including attempted murder and forcible rape. The trial court in that case found the strike allegations true. Accordingly, as the trial court which ruled on defendant's Proposition 36 petition found, defendant is not eligible for resentencing pursuant to section 1170.126, subdivision (f).

---

[4] Forcible rape, in violation of section 261, is a sexually violent offense as defined by Welfare and Institutions Code section 6600, subdivision (b). (See Pen. Code, § 1170.12, subd. (c)(2)(C)(iv)(I).)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P. J.

We concur:

RICHLI

J.

MILLER

J.